**BECKER LLC**
Joseph G. Harraka, Jr., Esq. (007731990)
354 Eisenhower Parkway
Plaza II, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
Local Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW ENGLAND REINSURANCE CORPORATION, FIRST STATE INSURANCE COMPANY, and HARTFORD ACCIDENT AND INDEMNITY COMPANY,<br><br>Plaintiffs,<br>v.<br><br>HYSTER-YALE GROUP, INC.,<br><br>Defendant. | Civil Action No. _____<br><br><br><br><br><br>**COMPLAINT FOR<br>DECLARATORY RELIEF** |

Plaintiffs New England Reinsurance Company ("NERCO"), First State Insurance Company ("First State"), and Hartford Accident and Indemnity Company ("Hartford A&I" and, collectively with NERCO and First State, "Hartford") hereby file this Complaint against Defendant Hyster-Yale Group, Inc. ("Hyster") and state as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment relating to claims for insurance coverage by Hyster as the successor-in-interest to Yale Materials Handling Corporation ("Yale") under certain liability insurance policies issued by Hartford for underlying lawsuits alleging bodily injury from exposure to asbestos (the "Asbestos Lawsuits").

2. Yale was a New Jersey-based manufacturer of forklift trucks and other material handling products alleged to contain asbestos. Upon information and belief, Hyster is the successor by merger to Yale.

## THE PARTIES

3. NERCO is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

4. First State Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

5. Hartford A&I is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

6. Hyster is a Delaware corporation with its principal place of business in Cleveland, Ohio.

## JURISDICTION AND VENUE

7. Jurisdiction in this matter is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

8. The costs of defending and indemnifying Hyster in connection with the Asbestos Lawsuits exceed $75,000.

9. Diversity jurisdiction exists because (a) there is complete diversity of citizenship between Hartford and Hyster; and (b) the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. Venue is appropriate under 28 U.S.C. § 1391 because Hyster was headquartered in this District and Division when Hartford issued the policies and the cause of action arose in this District and Division.

## FACTUAL BACKGROUND

11. NERCO issued Policy No. LU 688794 to Yale Materials Handling Corporation for policy period December 31, 1983 to December 31, 1984 (the "NERCO Policy"). The NERCO Policy has a $10 million limit of liability excess of a primary policy issued by Continental Insurance Company, which itself is excess of a $100,000 per-occurrence self-insured retention, subject to an aggregate retention of $2 million.

12. First State issued Policy No. EU 001377 to Yale Materials Handling Corporation for policy period December 31, 1983 to December 31, 1984 (the "First State Policy"). The First State Policy has a $20 million limit of liability excess of the NERCO Policy.

13. Hartford A&I issued Policy No. 45 XS 103679 to Yale Materials Handling Corporation for policy period December 31, 1983 to December 31, 1984 (the "Hartford A&I Policy"). The Hartford A&I Policy has a $20 million limit of liability excess of the First State Policy.

14. The NERCO Policy, the First State Policy, and the Hartford A&I Policy (collectively, the "Hartford Policies") were each brokered and issued to Yale in New Jersey at its then corporate headquarters and are governed by New Jersey law.

15. The Hartford Policies provide that Hartford will indemnify Hyster for Ultimate Net Loss in excess of Hyster's underlying insurance. The Hartford Policies define Ultimate Net Loss as follows:

> **L. ULTIMATE NET LOSS**
>
> Means the sums paid as damages in settlement of a claim or in satisfaction of a judgment for which the INSURED is legally liable after making deductions for all other recoveries, salvages and other insurances (whether recoverable or not) other than the underlying

insurance and excess insurance purchased specifically to be in excess of this policy and also includes investigation, adjustment, appraisal, appeal and defense costs paid or incurred by the INSURED with respect to damages covered hereunder. "ULTIMATE NET LOSS" does not include (a) costs and expenses which an underlying insurer has paid or incurred or is obligated to pay to or on behalf of the INSURED, (b) office costs and expenses of the INSURED and salaries and expenses of employees of the INSURED or (c) general retainer fees of counsel retained by the INSURED.

16. Hyster has tendered certain Asbestos Lawsuits to Hartford for coverage under the Hartford Policies.

17. Hartford disputes it has coverage obligations for the tendered Asbestos Lawsuits because, *inter alia*, Hyster's properly allocated Ultimate Net Loss does not reach the attachment points of the Hartford Policies.

18. Hartford now brings this action against Hyster for a declaration with respect to the parties' respective rights and obligations in connection with the Asbestos Lawsuits.

19. An actual controversy exists between Hartford and Hyster regarding the parties' respective rights and obligations under the Hartford Policies with respect to the Asbestos Lawsuits. Accordingly, by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief –Duty to Indemnify for Ultimate Net Loss Pursuant to Policies)**

20. Hartford repeats and realleges the allegations of Paragraphs 1 through 19 of the Complaint as if set forth fully herein.

21. Hartford has no obligation under the NERCO Policy to indemnify Hyster for costs within the definition of Ultimate Net Loss incurred in connection with the Asbestos

Lawsuits until the share of Hyster's Ultimate Net Loss allocated pursuant to New Jersey law to the December 31, 1983 to December 31, 1984 policy period exceeds the limits of both the underlying primary insurance policy issued by Continental Insurance Company and the self-insured retention underlying that policy. *See Carter-Wallace, Inc. v. Admiral Ins. Co.*, 712 A.2d 1116, 1124 (N.J. 1998).

22. Hartford has no obligation under the First State Policy to indemnify Hyster for costs within the definition of Ultimate Net Loss incurred in connection with the Asbestos Lawsuits until the share of Hyster's Ultimate Net Loss in excess of the NERCO Policy allocated pursuant to New Jersey law to the December 31, 1983 to December 31, 1984 policy period reaches the attachment point of the First State Policy.

23. Hartford has no obligation under the Hartford A&I Policy to indemnify Hyster for costs within the definition of Ultimate Net Loss incurred in connection with the Asbestos Lawsuits until the share of Hyster's Ultimate Net Loss in excess of the First State Policy allocated pursuant to New Jersey law to the December 31, 1983 to December 31, 1984 policy period reaches the attachment point of the Hartford A&I Policy.

24. Once the attachment point of a Hartford Policy has been properly reached, Hartford's responsibility to indemnify Hyster for costs within the definition of Ultimate Net Loss incurred in connection with Asbestos Lawsuits involving injury during the policy's policy period is limited to Hartford's appropriate pro rata share of those costs under New Jersey law.

25. Hartford seeks a judicial determination as to whether and, if so, when and to what extent, Hartford is obligated to indemnify Hyster for Ultimate Net Loss that Hyster incurs in connection with the Asbestos Lawsuits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter the following relief:

i.  A declaration of the parties' respective rights and obligations with respect to the Asbestos Lawsuits.

ii.  Such other relief as the Court may deem just and proper.

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

The matter in controversy is not, to the best of Plaintiffs' knowledge, information, and belief, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date:  June 4, 2018                                      Respectfully submitted,

OF COUNSEL:

James P. Ruggeri (*pro hac vice* to be filed)
Edward B. Parks, II (*pro hac vice* to be filed)
Joshua P. Mayer (*pro hac vice* to be filed)
Shipman & Goodwin LLP
1875 K Street NW, Suite 600
Washington, DC  20006
Telephone:  202-469-7750
Facsimile:  202-469-7751
jruggeri@goodwin.com
eparks@goodwin.com
jmayer@goodwin.com

*Counsel for Plaintiffs New England Reinsurance Corporation, First State Insurance Company, and Hartford Accident and Indemnity Company*

*/s/ Joseph G. Harraka, Jr.*
Joseph G. Harraka, Jr. (007731990)
LOCAL COUNSEL
jgharraka@becker.legal
BECKER LLC
354 Eisenhower Parkway
Plaza II, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100